AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2010 APR -7 PM 3:03



| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| JESUS LABRA-AVILES (5) aka Chuy Labra | Case Number: 97CR2520-LAB |
| | EUGENE G. IREDALE |
| | Defendant's Attorney |

REGISTRATION NO. 98833179

☐

THE DEFENDANT:
☒ pleaded guilty to count(s)   ONE OF THE SUPERSEDING INFORMATION
☐ was found guilty on count(s)
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 846, 841(a)(1) | Conspiracy to Distribute Controlled Substance | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Count(s) __underlying indictment__ is ☒ are ☐ dismissed on the motion of the United States.
☒ Assessment: $ 100.00
☒ Fine waived      ☒ Property forfeited pursuant to order filed  2/17/10 , included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

APRIL 5, 2010
Date of Imposition of Sentence

_Larry A. Burns_ (signature)

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

97CR2520-LAB

AO 245B  (Rev. 9/00) Judgment in Criminal Case
         Sheet 2 — Imprisonment

Judgment — Page **2** of **4**

DEFENDANT: JESUS LABRA-AVILES
CASE NUMBER: 97CR2520-LAB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 480 MONTHS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

97CR2520-LAB

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __4__

DEFENDANT: JESUS LABRA-AVILES
CASE NUMBER: 97CR2520-LAB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
5 YEARS

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer pursuant to 18 USC 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

                                                                                                                                              97CR2520-LAB

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
             Sheet 4 — Special Conditions

DEFENDANT: JESUS LABRA-AVILES
CASE NUMBER: 97CR2520-LAB

Judgment—Page __4__ of __4__

## SPECIAL CONDITIONS OF SUPERVISION

☐ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☒ The defendant shall violate no laws, federal, state and local, minor traffic excepted.

☐ Not associate with undocumented aliens or alien smugglers.

☒ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Participate in a mental health treatment program as directed by the probation office.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of _____, except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☐ Comply with the conditions of the Home Confinement Program for a period of _____ months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

97CR2520-LAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 97cr2520-LAB |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER OF CRIMINAL |
| v. | ) | FORFEITURE |
| | ) | |
| JESUS LABRA-AVILES (5), | ) | |
| aka Chuy Labra, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, JESUS LABRA-AVILES (5) ("Defendant"), pursuant to Title 21, United States Code, Section 853, as property constituting or derived from any proceeds Defendant obtained, directly or indirectly, as the result of the violations, as well as any property used or intended to be used to facilitate the commission of the violation to which Defendant is pleading guilty, as charged in the Superseding Information; and

WHEREAS, on or about October 15, 2009, Defendant pled guilty before Magistrate Judge Cathy Ann Bencivengo to the Superseding Information, and on November 12, 2009, this Court accepted the guilty plea of Defendant, which plea included a consent to the forfeiture allegation of the Superseding Information and an agreement to entry of a $1 million judgment against the Defendant in favor of the United States pursuant to 21 U.S.C. § 853; and

//

1     WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that **$1 million** (U.S. dollars) represents the drug proceeds the Defendant obtained directly or indirectly as a result of the violation of Title 21, United States Code, Sections 846 and 841(a)(1), as charged in the Superseding Information; and

    WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount of **$1 million**, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

    WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;" and

    WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the **$1 million** judgment and the offense; and

    WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorneys of record, to review, and no objections having been received;

    Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   Defendant JESUS LABRA-AVILES (5) shall forfeit to the United States the sum of **$1 million** pursuant to 21 U.S.C. § 853(a)(1) and (a)(2); and

2.   Judgment shall be entered in favor of the United State against Defendant JESUS LABRA-AVILES (5) in the amount of **$1 million** with interest to accrue thereon in accordance with law; and

3.   This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment; and

4.   Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

5.   The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed **$1 million** to satisfy the money judgment in whole or in part; and

//

1     6.     The United States may take any and all actions available to it to collect and enforce

2 the judgment.

3 DATED: February 17, 2010

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge